*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re H. M. MCCLINTON, Minor.

UNPUBLISHED
July 18, 2019

No. 346848
Oakland Circuit Court
Family Division
LC No. 2018-865066-NA

Before: RONAYNE KRAUSE, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her daughter, HM, under MCL 712A.19b(3)(g),(h), and (j). We affirm.

## I. BACKGROUND

Respondent's daughter was removed from her care as a result of respondent's flight from arrest after absconding from parole on several fraud-related convictions. After respondent had ceased contact with her parole officer, police officers witnessed respondent leaving a hotel with HM, who was only nine months old at the time. When officers attempted to stop respondent, respondent fled in her vehicle with HM. A high-speed chase ensued in which respondent struck several vehicles, including a police cruiser. Despite the situation becoming ever more dangerous, respondent continued her flight until her vehicle malfunctioned and she was arrested.

Following respondent's arrest, petitioner placed HM in the care of her maternal uncle and aunt with the temporary goal of reuniting respondent and HM. Two months later, however, respondent was sentenced to serve 7 to 40 years of imprisonment on several convictions resulting from the aforementioned police chase. The same day respondent's sentences were issued, petitioner changed the placement goal from reunification to termination.

Respondent's termination hearing was postponed while respondent decided whether she wanted to voluntarily release her parental rights. While respondent indicated several times that she wanted to release her parental rights, respondent would waver on that decision after learning new information about the release process. Eventually the trial court scheduled the matter for a termination hearing and, at the hearing, respondent again indicated that she wished to explore the

possibility of voluntarily relinquishing her parental rights. The trial court declined to entertain the issue again, however, noting the delay that respondent's wavering had already caused without being any closer to a resolution.

The trial court found that respondent had failed to provide HM with proper care and custody and had seriously endangered HM by fleeing from the police. The trial court noted that HM was placed with relatives and that a relative placement generally weighed against termination. Nonetheless, the trial court opined that, given HM's infancy, she deserved permanency before respondent's release—which would not happen for at least seven years. Although the trial court noted that HM was bonded to respondent, it concluded that HM's uncle and aunt were likely to adopt HM and work to maintain HM's relationship with respondent. Accordingly, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(g), (j), and (h), finding that HM's best interests were better served by a permanent placement than by waiting nearly a decade for a possibility that respondent would reenter her life. This appeal followed.

## II. ANALYSIS

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(g), (h), and (j), which provide:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[1]

(h) The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

---

[1] MCL 712A.19b(3)(g) was amended, effective June 12, 2018, to require the trial court to inquire into the parent's financial ability to provide proper care or custody. See 2018 PA 58. The previous version of MCL 712A.19b(3)(g) did not require the trial court to inquire into the parent's financial situation.

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). Once a ground for termination is established, the trial court must order termination of parental rights if it finds that termination is in the child's best interests. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012); MCL 712A.19b(5). A child's placement with relatives is an "explicit factor" that the trial court must consider in its best-interest determination. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

"We review for clear error both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest." *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000); see also MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

Respondent challenges the trial court's findings regarding both the statutory grounds supporting termination and HM's best interests. Respondent argues that she did not intentionally endanger HM and that she provided for HM's care through the maternal uncle. According to respondent, the trial court should have given her the opportunity to comply with services while incarcerated so that she could maintain her bond with HM and reunite with the child in the future. We disagree.

While respondent did not intentionally harm HM, her actions indicate a disregard for the child's safety and welfare. First, instead of complying with her parole obligations, respondent chose to abscond from parole, placing her at a risk of incarceration. By placing her own liberty at risk, respondent also jeopardized her ability to care for HM. When respondent's decisions caught up with her, instead of submitting to police and relinquishing HM to petitioner, respondent fled police with HM in her vehicle and crashed into multiple vehicles. Even when the danger of her flight should have become apparent, respondent failed to end the pursuit. Rather, the chase did not end until respondent's vehicle became so damaged that it was no longer drivable. Respondent makes much of the fact that she provided for HM's care through HM's maternal uncle. Yet, the record makes clear that this placement was not voluntary. This is not a case where respondent turned herself in on a warrant after securing an alternate home for HM. Rather, petitioner placed HM with her uncle after respondent's arrest and after respondent had already seriously endangered the child.

Respondent's choices to abscond from parole with an infant child and endanger that child by fleeing from police indicate an indifference for the child's welfare. Plainly, respondent's reckless behavior is not proper care or custody and respondent's pattern of poor, criminal decisions gives this Court no reason to believe that respondent will be able to provide a safe, appropriate home for the child in the future. Indeed, respondent's choices have already removed

her from the child's life for at least seven years. On this record, we are not left with a definite and firm conviction that the trial court erred by finding that MCL 712A.19b(3)(g), (h), and (j) supported termination of respondent's parental rights.[2]

Similarly, we cannot conclude that the trial court erred by finding that termination would be in HM's best interests. While placement with a relative generally weighs against termination, it is only one factor, among many, that the trial court should consider when making its best-interest finding. At the time of termination, HM was only 13 months old. At best, HM will be eight years old when respondent is released from prison; at worst, HM will be middle-aged. Even assuming that respondent will be released during HM's adolescent, HM would have spent the majority of her life looking to her uncle and aunt for guidance, care, and supervision. We agree with the trial court that the infant child deserved permanence so that she could move forward with her new family without the prospect of upheaving her home life in the distant, but indiscriminate future. Given the uncle's inclination to adopt HM and his commitment to maintaining HM's bond with respondent, terminating respondent's parental rights gave HM the best chance to maintain her bond with both her new caretakers and respondent. Accordingly, we cannot conclude that the trial court erred by finding that termination was in HM's best interests.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens

---

[2] We recognize that the trial court erred by employing the previous version of MCL 712A.19b(3)(g), which did not require the trial court to inquire into the parent's financial ability to provide care and custody for the child. Nonetheless, in this case, it is clear that respondent's inability to provide for HM was not a result of financial hardship; rather, it was the result of respondent's choices to endanger her child by absconding from parole and fleeing police. For this reason and "because the petitioner need only establish one ground for termination," *In re Trejo*, 462 Mich at 360, the error does not warrant relief.